**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

ADVANCED MEDICAL GROUP OF
CENTRAL FLORIDA LLC, et al.

        Plaintiffs,

vs.

BTL INDUSTRIES, INC.,

        Defendant.

_____/

CASE NO.: 1:25−CV−14016−JEK

**UNOPPOSED MOTION TO MODIFY OR VACATE SCHEDULING ORDER, AND REQUEST TO CONVENE SCHEDULING CONFERENCE PURSUANT TO LOCAL RULE 16.1, ALTERNATIVELY, MOTION FOR EXTENSION OF TIME TO COMPLY WITH SCHEDULING ORDER**

Plaintiffs, ADVANCED MEDICAL GROUP OF CENTRAL FLORIDA LLC ("Advanced Medical Group") and VINAY KATUKURI MD ("Katukuri") (collectively, "Plaintiffs"), by and through undersigned counsel, hereby move to modify or vacate the Scheduling Order entered on November 5, 2025 [DE 87], and further requests the Court to convene a Scheduling Conference pursuant to L.R. 16.1(a). Alternatively, Plaintiffs move for an extension of time to comply with the Scheduling Order entered on November 5, 2027 [DE 87]. In support thereof, the Plaintiffs state as follows:

**Procedural History**

1. This action involves claims by the Plaintiffs related to certain body contouring and skin-tightening products that are developed and manufactured by the Defendant. The Plaintiffs allege that the Defendant knowingly and intentionally misled the Plaintiffs as to the profitability and existence of a market for the products. The Defendant's sophisticated scheme involved unrealistic pricing structures, deceptive purchase contracts and financing agreements, and high-

pressure marketing campaigns, all of which induced the Plaintiffs to incur damages totaling nearly $1,000,000.00.

2.    The Plaintiffs are suing the Defendant for violation of Florida's Deceptive and Unfair Trade Practices Act, violation of the Robinson-Patman Act, fraud, negligent misrepresentation, and violation of the Sherman Act.

3.    The multi-defendant matter was filed on June 26, 2025, originally in the United States District Court, Middle District of Florida, Orlando Division, under case number 25-cv-1132-ACC-LHP.

4.    On September 12, 2025, the Defendant filed a Motion to Transfer Venue Pursuant to 28 U.S.C. §1404(a).  [DE 49].

5.    On November 5, 2025, the Court entered a Case Management and Scheduling Order, setting certain deadlines (the "Scheduling Order").  [DE 87].  The Scheduling Order contains deadlines that have since passed and others that are quickly approaching.

6.    On December 22, 2025, the Court entered an Order granting the Defendant's Motion to Transfer Venue, breaking up this case against several defendants and transferring several claims to competing jurisdictions.  [DE 102].

7.    On January 28, 2026, the Court entered its Order admitting pro hac vice counsel for Defendant. The next day, the Court entered its Order admitting pro hac vice counsel for Plaintiffs.

8.    On April 10, 2026, Plaintiffs filed their Amended Complaint, pursuant to the Joint Stipulation on Pleading Deadlines, to remove the claims that were not transferred to this jurisdiction.  [DE 124, 125].

9.    On May 11, 2026, the Defendant filed a Motion to Dismiss the Amended Complaint and Request for Oral Argument, with a Memorandum in Support of the same. [DE 126, 127].

10. On May 26, 2026, the Plaintiff filed its Response in Opposition to the Defendant's Motion to Dismiss.  [DE 128].

11. On June 11, 2026, the Court entered an Order granting the Defendant's Motion for Leave to File a Reply Brief in Support of its Motion to Dismiss, filed on June 10, 2026.  [DE 128, 129].

12. On June 11, 2026, the Defendant filed its Reply in Plaintiff's Response in Opposition to the Motion to Dismiss.  [DE 131].

13. The current posture of the case stands at Defendant's June 11, 2026 Reply relating to its Motion to Dismiss the Amended Complaint.

14. Further, L.R. 16.1(a) states: "[I]n cases removed to this court from a state court or transferred from any other federal court, the judicial officer shall convene a scheduling conference within 60 days after removal or transfer." No scheduling conference has been convened and therefore no discovery has been conducted.

15.  As such, the deadlines contained within the transferee court's Scheduling Order do not align with the current posture of the case. As such, Plaintiffs' respectfully request that the Court vacate the transferee court's Scheduling Order and convene a scheduling conference pursuant to L.R. 16.1(f).

### Fed. R. Civ. Pro. 16(b)(1)

16. Fed. R. Civ. Pro. 16(b)(1) governs scheduling orders and directs the presiding judicial officer to issue a scheduling order as soon as practicable. The required contents of the scheduling order include limiting the time to join other parties, amending the pleadings, completing discovery, and filing motions. *See* Fed. R. Civ. Pro. 16(b)(3).

17. The framework of Rule 16 provides the Court with broad case management authority,

as it permits modifications to the scheduling order, with good cause shown and with the judge's consent. *See* Fed. R. Civ. Pro. 16(b)(4).

## Amendment of Scheduling Orders

18. Where a scheduling order setting out a deadline for amendment exists, "the liberal default rule is replaced by the more demanding 'good cause' standard of Fed. R. Civ. Pro. 16(b). *Novi Footwear International Co. Ltd v. 175 Earth OpCo LLC*, 350 F.R.D. 175, 176 (D. Mass. 2025), citing *Steir v. Girl Scouts of the USA*, 383 F. 3d 7, 12 (1st Cir. 2004). *See also* Fed. R. Civ. Pro. 16(b)(4).

19. To show good cause, a party must demonstrate that despite their diligence the deadline in the scheduling order could not reasonably be met. *Novi Footwear International Co. Ltd v. 175 Earth OpCo LLC*, 350 F.R.D. at 176. *House of Clean, Inc. v. St. Paul Fire and Marine Ins. Co.*, 775 F. Supp. 2d 296, 298 (D. Mass. 2011).

20. Modifications to scheduling orders become particularly apposite when the circumstances involve a transfer of venue, and the resulting unintended sequence of events. As a practical matter, the transferee judge ought to accord considerable deference to the judgment of the transferor court. However, "the law of the case" would not in all events control. *In re Upjohn Co. Antibiotic Cleocin Products Liability Litigation*, 664 F. 2d 114, 120 (6th Circ. 1981), citing *Petition of United States Steel Corp.*, 479 F. 2d 489 (6th Circ. 1973).

## Plaintiff's Showing of Good Cause

21. The Plaintiff's good cause showing is two-fold.

22. First, the matter is before this Court upon the December 22, 2025 Order granting the Defendant's Motion to Transfer Venue, entered by the United States District Court, Middle District of Florida, Orlando Division (hereinafter, the "Transferee Court").

23. The Transferee Court entered a Case Management and Scheduling Order on November 5, 2025, imposing several deadlines, including but not limited to:  a November 28, 2025 deadline to amend pleadings; a November 28, 2025 deadline for mandatory initial disclosures, a July 8, 2026 deadline for Plaintiffs' disclosure of expert reports, an August 10, 2026 deadline for Defendant's disclosure of expert report, a September 8, 2026 deadline for discovery, and a September 21, 2026 deadline for dispositive motions.

24. Compliance with the Transferee Court's Scheduling Order was frustrated by the execution of the Transferee Court's Order granting Defendant's Motion to Transfer Venue, which materially delayed the progression of this case and required the Plaintiffs to file an Amended Complaint removing the claims that were not transferred to this jurisdiction. Defendant has since filed its Motion to Dismiss and Reply to Plaintiffs' Response in Opposition, which this Court has not yet entered a ruling on. As such, the pleadings are still open and subject to change.

25. Furthermore, the Scheduling Order should be considered moot as the Transferee Court's jurisdiction over this action was divested upon entry of its Order transferring venue. *See PPG Industries, Inc. v. Webster Auto Parts, Inc.,* 849 F. Supp. 8, 9 (D. Mass. 1994) (confirming that when order of transfer is entered, transferring court loses jurisdiction). Second, the local rules of this Court call for a new scheduling conference and a new scheduling order following the transfer of a case from a different federal district court. Further demonstrating that the Transferee Court's Order should be considered moot.

<u>**Request to Convene a Scheduling Conference**</u>

26.  This matter is due to be convened for a scheduling conference pursuant to L.R. 16.1(a), which mandates that a scheduling conference be convened within 60 days after removal or transfer. Following the conference, the judicial officer shall enter a scheduling order that will govern the

pretrial phase of the case. *See* L.R. 16.1(f).

27. Accordingly, the Plaintiffs request that the Court convene a Scheduling Conference pursuant to L.R. 16.1(a), so that a new scheduling Order may issue that considers the circumstances and current posture of the matter.

## Conclusion

28. Based upon the foregoing reasons, the Plaintiffs respectfully move this Court to modify the Scheduling Order [DE 87] to extend the pretrial and discovery deadlines to align the current posture of the case with the Court's scheduling deadlines, or vacate the Scheduling Order and enter a new scheduling Order after the scheduling conference is convened pursuant to L.R. 16.1(f).

29. Pursuant to Local Rule 7.1(a)(2), I hereby certify that counsel for the movant has conferred with counsel for Defendant, Alejandra Reichard, who has advised that Defendant has not objection to the relief requested herein.

WHEREFORE, for the above stated reasons, Plaintiffs, ADVANCED MEDICAL GROUP OF CENTRAL FLORIDA LLC and VINAY KATUKURI MD, prays this Honorable Court to grant this Motion to Modify or Vacate the Scheduling Order and Request to Convene a Scheduling Conference, Alternatively, Motion for Extension of Time to Comply with the Scheduling Order, and grant such other relief as this Court may deem just and equitable under the circumstances.

Respectfully submitted,

/s/ *Gary Mansfield, Esq.*
**GARY MANSFIELD, ESQ.**
**FBN: 61913**
**ARIANE WOLINSKY, ESQ.**
**FBN: 51719**
**DAVID STONE, ESQ.**
**FBN: 400432**
MANSFIELD BRONSTEIN & STONE, LLP
200 E. Broward Boulevard, Suite 1250

Ft. Lauderdale, Florida 33301
Phone: (954) 601-5600
Service Email Designation:
litigation@mblawpa.com

Marian A. Kornilowicz
(BBO# 277680)
COHEN, SEGLIAS PALLAS,
GREENHALL & FURMAN, P.C.
1600 Market St., 32nd Floor
Philadelphia, PA 19103
Tel.: 215-564-1700
Fax: 512-564-3066
mak@cohenseglias.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via the Court's electronic filing notification system upon all parties registered to receive electronic notice in this case on this 8th day of July 2026.

/s/ *Gary Mansfield, Esq.*
**GARY MANSFIELD, ESQ.**

7