**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

ADVANCED MEDICAL GROUP OF
CENTRAL FLORIDA LLC, et al.

CASE NO.: 1:25−CV−14016−JEK

    Plaintiffs,

vs.

BTL INDUSTRIES, INC.,

    Defendant.

_____/

## JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1(d)

Plaintiffs, ADVANCED MEDICAL GROUP OF CENTRAL FLORIDA LLC and VINAY KATUKURI (collectively "Plaintiffs"), and Defendant, BTL INDUSTRIES, INC. ("Defendant"), by and through undersigned counsel, hereby file this Joint Statement Pursuant to Local Rule 16.1(d), and state as follows:

**1.** **Plaintiff's Preliminary Statement of the Case.** Plaintiff contends that BTL fraudulently induced the purchase of more than $800,000 in aesthetic equipment by making false representations regarding profitability, consumer demand, expected revenues, financing terms, and the viability of selling treatments at BTL's required minimum advertised prices ("MAP"). Plaintiff alleges BTL knew these representations were false because there was little or no market for the services at the required pricing levels and because BTL oversaturated the market while simultaneously enforcing restrictive pricing policies.  Plaintiff further alleges that BTL imposed unlawful RPM/MAP restraints, coercive penalties, transfer restrictions, increased consumable pricing, provider delisting, and resale barriers that prevented providers from competing effectively or exiting the market. Plaintiff claims these practices constitute violations of FDUTPA, the

Sherman Act, the Robinson-Patman Act, fraud, and negligent misrepresentation. Plaintiff maintains that BTL engaged in a coordinated scheme involving false profitability representations, concealed market realities, coercive pricing restraints, and post-sale restrictions designed to lock providers into BTL's ecosystem while insulating BTL from competition.

Plaintiff seeks judgment on all claims and requests compensatory and consequential damages, treble damages, interest, and attorney's fees and costs.

2. **<u>Defendant's Preliminary Statement of the Case.</u>**

Defendant denies that Plaintiffs are entitled to recovery on any of their claims and its defenses are set out at length in the pending motion to dismiss those claims. Plaintiffs, a sophisticated medical provider and his practice, purchased BTL equipment during an arms' length transaction. The "fraud" and "misrepresentations" alleged in Plaintiffs' complaint, if true (and BTL does not admit that they are) are comprised of nothing but non-actionable puffery, opinion, and projections or are simply not misrepresentations as required to have an actionable legal claim. And Defendant denies that Plaintiffs are entitled to relief under any antitrust or state statute when there is no plausibly alleged scheme, monopoly, price fixing, or market restraints.

In sum, Defendant denies the allegations in Plaintiffs' complaint. As to the claimed damages, to the extent they suffered any, they are more likely attributable to Plaintiffs' own business failures in effectively marketing their services and securing customers rather than to any conduct by Defendant.

3. **<u>Proposed Scheduling Order.</u>** The parties submit the proposed Scheduling Order, attached hereto as Exhibit "A."

Respectfully submitted,

/s/ *Gary Mansfield, Esq.*
 **GARY MANSFIELD, ESQ.**
 **FBN: 61913**
 **ARIANE WOLINSKY, ESQ.**
 **FBN: 51719**
 **DAVID STONE, ESQ.**
 **FBN: 400432**
MANSFIELD BRONSTEIN & STONE, LLP
200 E. Broward Boulevard, Suite 1250
Ft. Lauderdale, Florida 33301
Phone: (954) 601-5600
Service Email Designation:
litigation@mblawpa.com

3

EXHIBIT "A"

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

ADVANCED MEDICAL GROUP OF
CENTRAL FLORIDA LLC, et al.

           CASE NO.: 1:25−CV−14016−JEK

       Plaintiffs,

vs.

BTL INDUSTRIES, INC.,

       Defendant.

_____ /

## [PROPOSED] SCHEDULING ORDER

**KOBICK, J.**

This Scheduling Order is intended to provide a reasonable timetable for discovery and motion practice in order to help ensure a fair and just resolution of this matter without undue expense or delay.

### Timetable for Discovery and Motion Practice

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.1(f), it is hereby ORDERED that:

1. **Initial Disclosures.** Initial disclosures required by Fed. R. Civ. P. 26(a)(1) and by this Court's Notice of Scheduling Conference must be completed by **August 11, 2026**.

2. **Amendments to Pleadings.** Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after **December 23, 2026**.

3. **Fact Discovery - Interim Deadlines.**

   a. All request for production of documents and interrogatories must be served by **April 30, 2027**.

   b. All requests for admissions must be served by **April 30, 2027.**

   c. All depositions, other than expert depositions, must be completed by **June 7, 2027.**

4. **Obligation to Supplement.** Supplemental disclosures under Fed. R. Civ. P. 26(e) shall be made promptly after the receipt of information by the party or counsel and, in any event,

no later than the completion of fact discovery, unless good reason can be shown for why such information was not available.

5. **Final Fact Discovery Deadline.**  All discovery, other than expert discovery, must be completed by **June 7, 2027**.

6. **Status Conference.**  A status conference will be held on _____ at ___:____ a.m./p.m. By _____, [two days prior to the status conference],the parties shall file a status report indicating the current status of the case, including whether the parties intend to seek expert discovery and/or intend to file any dispositive motions, whether the parties are interested in mediation, as well as any other matter relevant to the progress of the case.

7. **Expert Discovery.**

   a. Plaintiff(s)' trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by **July 28, 2027**.

   b. Plaintiff(s)' trial experts must be deposed by **September 23, 2027**.

   c. Defendant(s)' trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by **August 20, 2027**.

   d. Defendant(s)' trial experts must be deposed by **October 18, 2027**.

8. **Summary Judgment Motions.**

   a. Motions for summary judgment must be filed by **November 29, 2027**.

   b. Oppositions to summary judgment motions must be filed within 21 days after service of the motion.

9. **Initial and Pretrial Conference.** The initial pretrial conference will be scheduled at a later point in the proceedings. The parties must prepare and submit a pretrial memorandum in accordance with Local Rule 16.5(d) five business days prior to the date of the conference, except that the parties need not include matters required by Local Rule 16.5(d)(2) or (3). The trial date will normally be set at the initial pretrial conference. A final pretrial conference will be scheduled at the time the trial date is set. The court may also schedule interim pretrial conferences in appropriate cases.

## <u>Procedural Provisions</u>

1. **Extension of Deadlines.**  All requests to extend or modify deadlines must be made by motion and must state: (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4)the reasons for the requested extension; and (5) whether the opposing party consents and, if not, the reasons given

for refusing to consent. The motion shall also contain a summary of the discovery, if any, that remains to be taken, and a specific date when the requesting party expects to complete the additional discovery, join other parties, amend the pleadings, or file a motion. Motions to extend or modify deadlines will be granted only for good cause shown.

Absent an emergency, any request for an extension or adjournment shall be made at least forty-eight hours prior to the deadline or scheduled appearance.

2. **Motions to Compel or Prevent Discovery.**  Except for good cause shown, motions to compel discovery, motions for protective orders, motions to quash, motions to strike discovery responses, and similar motions must be filed no later than the close of fact discovery or the close of expert discovery, whichever deadline is relevant. If additional discovery is compelled by the Court after the relevant deadline has passed, the Court may enter such additional orders relating to discovery as may be appropriate.

3. **Reply Memoranda.**  Parties need not seek leave of court to file a reply memorandum in response to an opposition to any motion, provided that such a reply memorandum does not exceed eight pages, double-spaced, and is filed within seven days (excluding intermediate Saturdays, Sundays, and legal holidays) after service of the opposition memorandum. Parties may otherwise file reply or surreply memoranda only with leave of court. When such leave is sought, the moving party may file a proposed reply or surreply memorandum with the motion for leave.

4. **Status Conferences.**  The Court has scheduled a status conference after (or close to) the close of fact discovery for case management purposes. Any party who reasonably believes that a status conference will assist in the management or resolution of the case may request one from the Court upon reasonable notice to opposing counsel.

5. **Additional Conferences.**  Upon request of counsel, or at the Court's own initiative, additional case-management or status conferences may be scheduled. Parties may request telephonic conferences where appropriate to avoid undue inconvenience or expense.

6. **Early Resolution of Issues.**  The Court recognizes that, in some cases, resolution of one or more preliminary issues may remove a significant impediment to settlement or otherwise expedite resolution of the case. Counsel are encouraged to identify any such issues and to make appropriate motions at an early stage in the litigation.

7. **Pretrial Conference.**  Lead trial counsel are required to attend any pretrial conference.

_____
United States District Judge

3